Filing # 252263488 E-Filed 07/12/2026 03:49:38 PM

IN THE CIRCUIT COURT FOR THE 19th JUDICIAL CIRCUIT
IN AND FOR ST. LUCIE COUNTY, FLORIDA

CASE NO.:

TOWER HILL INSURANCE EXCHANGE, as subrogee of KESAINE AND ROHAN WITTER,

Plaintiff,

v.

LG ELECTRONICS USA, INC., a foreign corporation

Defendant.

_______________________________/

**COMPLAINT**

Comes now the Plaintiff, Tower Hill Insurance Exchange a/s/o Kesaine and Rohan Witter, and for its complaint, alleges and avers as follows:

**I. PARTIES**

1. The Plaintiff, Tower Hill Insurance Exchange Company (hereinafter "Plaintiff"), is an unincorporated reciprocal insurance exchange authorized to do business in Florida.

2. The Defendant, LG Electronics USA, Inc., (hereinafter "LG" or "Defendant") is a foreign corporation organized under the laws of the state of Delaware with a principal place of business at 111 Sylvan Ave., Englewood Cliffs, New Jersey.

3. LG is a manufacturer, designer, distributor, and seller of consumer products, including washing machines, whose consumer products are distributed and sold throughout Florida, including St. Lucie County.

4. All material facts alleged herein occurred within St. Lucie County, Florida.

## GENERAL ALLEGATIONS

5. At all times material herein, Plaintiff had in effect a policy of property and casualty insurance with Kesaine and Rohan Witter (hereinafter collectively referred to as "Witter") as named insureds (hereinafter collectively the "Insured"), covering certain real and personal property located at 413 SW Dahled Ave., Port S. Lucie, FL 34953 (hereinafter the "Premises"). (See Exhibit A).

6. The policy of insurance in effect between Plaintiff and its Insured established an agreement that provided the insurer with rights and remedies against third parties responsible for causing covered damage to property for which it made reimbursement payments to its insured.

7. On July 26, 2024, the Premises and the personal property therein were damaged by a water leak that was caused by the failure of a washing machine manufactured, designed, distributed, and sold by LG, model number WT1501CW, serial number 705VWLZ1P584.

8. The water leak occurred because of faults and flaws in the design and manufacture of the washer at issue and/o its component parts, including the valves, rendering the washer unreasonably dangerous and unfit for its expected and intended use.

9. The faults in the design include, but are not limited to, use of improper material, failures in the design including, improper sourcing, and selection of one or more components of the washer at issue and/or valves, and insufficient testing and inspections before and after the assembly of the washer at issue, which caused it to fail and leak water.

10. The faults in manufacture include, but are not limited to, flaws resulting from errors in the manufacturing process of the washer at issue that caused the washer to deviate from the physical and performance specifications for such products which caused it to fail and leak water.

11. The washer failed because inadequate warnings and instructions were provided concerning the safe use, maintenance, charging and handling of the washer at issue.

12. These inadequacies include failure to provide clear and explicit instructions for use, maintenance, and failure to warn or adequately warn consumers of the potential dangers associated with the washer at issue.

13. Under the terms of the policy of insurance issued to the Insured, Plaintiff had a contractual obligation to compensate, and did compensate, the Insured for the damage to the Premises, and personal property within.

14. As a result of Plaintiff's compensation of its Insured for the damage to property, the Insured's right to recover for the covered damage for which it was compensated by Plaintiff was transferred to Plaintiff by means of the policy of insurance in place at the time of the cause of loss and by operation of common law.

## II. CLAIMS FOR RELIEF

### COUNT I: STRICT PRODUCT LIABILITY – MANUFACTURING DEFECT - LG ELECTRONICS USA, INC.

15. The foregoing paragraphs 1-14 are incorporated by reference as if fully restated herein.

16. LG is a manufacturer, distributor, and seller of consumer products, including the washer at issue in this action, and is subject to strict liability for damages resulting from defects in those products.

17. At the time Defendant manufactured, distributed, and sold the washer it suffered from a manufacturing defect rendering it unsafe for its intended use in that the defect caused the washer at issue to fail and leak water when put to its expected and intended use.

18. The washer was in a defective and unreasonably dangerous condition when manufactured, designed, distributed, and sold by LG, and was unable to withstand its ordinary and foreseeable conditions of use, because of the following, but not limited to:

a. Defects and/or faults in the design of the washer at issue, which caused such washer to be unable to withstand its intended and foreseeable use and leak water;
b. Defects and/or faults deriving from the manufacture, design, production, distribution, sale, and assembly of the washer at issue, which caused such washer to deviate from the specifications of LG ; and
c. Defects and/or faults in the inspection and testing of the washer at issue, which allowed manufacturing faults and/or flaws in the washer and its component parts of such washer to go undetected prior to sale to unsuspecting consumers.

19. The unreasonably dangerous condition of the washer at issue caused the product to fail and leak water, and thus, was the legal and proximate cause of the damage at the Premises, for which Plaintiff compensated its Insured pursuant to the terms of its policy of insurance.

**WHEREFORE**, the Plaintiffs demand judgment in the amount of $97,521.83 against the Defendant, LG, plus costs, as well as all other relief this Court deems just and proper.

**COUNT II: STRICT PRODUCT LIABILITY – DESIGN DEFECT - LG ELECTRONICS USA, INC.**

20. The foregoing paragraphs 1-14 are incorporated by reference as if fully restated herein.

21. LG is a designer, distributor and seller of consumer products, including the washer at issue in this action, and is subject to strict liability for damages resulting from design defects in those products.

22. At the time Defendant manufactured, designed distributed, and sold the washer the product suffered from a design defect rendering them unsafe for their intended use in that the defect caused the washer at issue to fail and leak water when put to its expected and intended use.

23. As a result of design defects, the washer was in a defective and unreasonably dangerous condition when manufactured, designed, distributed, and sold by LG, and was unable to withstand its ordinary and foreseeable conditions of use, because of the following, but not limited to:

a. Defects and/or faults in the design of the washer at issue, which caused to be unable to withstand its intended and foreseeable use in that it caused a water leak;
b. Defects and/or faults deriving from the design, distribution, sale, and assembly of the washer at issue, which caused such washer to deviate from the specifications of LG; and
c. Defects and/or faults in the inspection and testing of the washer at issue, which allowed the design faults and/or flaws in the washer, including the component parts of such washer, to go undetected.

24. The unreasonably dangerous condition of the washer at issue was the legal and proximate cause of the water damage at the Premises, for which Plaintiff compensated its Insured pursuant to the terms of its policy of insurance.

**WHEREFORE**, the Plaintiffs demand judgment in the amount of $97,521.83 against the Defendant, LG, plus costs, as well as all other relief this Court deems just and proper.

**COUNT III: STRICT PRODUCT LIABILITY – FAILURE TO WARN - LG ELECTRONICS USA, INC.**

25. The foregoing paragraphs 1-14 are incorporated by reference as if fully restated herein.

26. LG is a designer, manufacturer, distributor, and seller of consumer products, including the washer at issue in this action, and is subject to strict liability for damages resulting from defects in those products.

27. Due to design and manufacturing defects, the washer was in an unreasonably dangerous condition at the time of manufacture, distribution, and sale, which caused the washer at issue to fail and leak water when put to its expected and intended use.

28. The washer was in a defective and unreasonably dangerous condition when manufactured, distributed, and sold by LG, due, in part to defects and/or faults in the instructions, labels and

warnings associated with the washer at issue, which failed to provide sufficient instructions for safe use of such washer, including use and maintenance, and failed to provide information so as to allow the consumer to avoid the damages, including water leaks, resulting from unsafe uses.

29. The washer at issue was in a condition unreasonably dangerous at the time of manufacture, distribution, and sale because of Defendant's failure to warn or adequately warn and instruct installers, users, and consumers concerning the washer at issue.

30. The failure to warn of the unreasonably dangerous condition of the products at issue was the legal and proximate cause of the fire at the Premises, for which Plaintiff compensated its Insured pursuant to the terms of its policy of insurance.

**WHEREFORE**, the Plaintiffs demand judgment in the amount of $97,521.83 against the Defendant, LG, plus costs, as well as all other relief this Court deems just and proper.

**COUNT IV: NEGLIGENCE AGAINST LG ELECTRONICS USA, INC.**

31. The foregoing paragraphs 1-14 are incorporated by reference as if fully restated herein.

32. LG is a manufacturer, designer, distributor, and seller of products, including the washer at issue in this action, and owed a duty of care to the Insured, as a consumer and foreseeable user of its products, to manufacture, design, distribute, and sell product that are free from defects and fit for their intended purpose.

33. LG breached this duty by failing to exercise reasonable care in the design, manufacture, inspection, testing, assembly, selection and integration of component parts, distribution, and sale of the washer at issue, including but not limited to:

a. Failing to exercise reasonable care in the design of the washer at issue;
b. Failing to exercise reasonable care in the selection of component parts for the washer at issue;
c. Failing to exercise reasonable care in the testing and inspection of component parts for the washer at issue;
d. Failing to exercise reasonable care in the assembly of the washer at issue;

e. Failing to exercise reasonable care in the testing and inspection of the completed washer at issue;

f. Failing to exercise reasonable care in the drafting and designing of on-product warnings and labels for the washer at issue;

g. Failing to exercise reasonable care in the drafting and designing of manuals and written instructions for the washer at issue;

h. Failing to exercise reasonable care in the distribution and transport of the washer at issue;

i. Failing to warn or adequately warn of dangers or risks of harm, and failing to provide or adequately provide instructions for the safe use of the washer at issue; and

j. Failing to warn of dangers associated with the use of foreseeable misuse of the washer at issue.

34. These breaches of duty were the legal and proximate cause of the malfunction of the washer at the Premises, for which Plaintiff compensated its Insured, pursuant to the terms of its policy of insurance.

## III. PRAYER FOR RELIEF

Wherefore, the Plaintiff demands judgment against Defendant, providing the following relief:

(i) Awarding Plaintiff $97,521.83;

(ii) Awarding Plaintiff its costs and disbursements incurred herein; and

(iii) For such other relief as the Court deems just and equitable.

## IV. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

THE LAW OFFICE OF STEPHEN BARKER
6501 Park of Commerce Blvd., 2nd Floor, Suite 227
Boca Raton, FL 33487
561-886-8352
slb@stephenbarkerlaw.com
BY: Stephen Barker
STEPHEN L. BARKER, ESQ.
Florida Bar No: 55357